**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |  |
|---|---|---|
| **CHRISTOPHER A. GARZA,** § | | |
| **TDCJ No. 02178946,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | **A-23-CV-1457-RP** | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## ORDER

Before the Court are Christopher A. Garza's ("Petitioner") pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 14). Having reviewed the record and pleadings, the Court denies Petitioner's federal habeas corpus petition pursuant to the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

## I. Background

In August 2017, Petitioner was charged by indictment with evading arrest with a vehicle; the indictment included a deadly weapon notice. (ECF No. 11-29 at 4.) On January 12, 2018, the State filed a Repeat Offender Notice, accusing Petitioner of having been convicted of aggravated assault with serious bodily injury on July 21, 1999, in the county of Live Oak, Texas. (ECF No. 11-6 at 17.) On January 23, 2018, a jury convicted Petitioner of the evading-arrest charge; he pleaded true to the prior conviction and the jury sentenced him to twenty years imprisonment. *State v. Garza*, No. 9851 (27th Dist. Ct., Lampasas Cnty., Tex. Jan. 23, 2018). (ECF No. 11-29 at 5-6.)

On February 11, 2020, Petitioner filed a state application for habeas corpus relief, arguing, among other claims, that his trial attorney had failed to file a direct appeal on Petitioner's behalf. (ECF No. 11-15 at 14.) The Texas Court of Criminal Appeals (TCCA) granted Petitioner an out-of-time appeal and dismissed his remaining claims. (ECF No. 11-16.) Petitioner thereafter filed a direct appeal. The following is a summary of the factual allegations against Petitioner as described by the state appellate court.

> Garza, by his own admission, was "driving like a crazy man" northbound into the city of Lampasas. Another driver on the road called 911 to report Garza's dangerous driving, telling dispatch that someone would likely be killed by Garza's weaving, speeding Mercedes.
>
> South of the city, sheriff's deputies, including Deputy Justin Wilson, spotted the Mercedes and began a car chase. A video of the chase shows Deputy Wilson turning on his patrol vehicle's red and blue emergency flashing lights and siren and tailing the Mercedes. The Mercedes pulled over to the side of the road as if to comply with a traffic stop but then accelerated and drove back into the northbound lane toward town. A deputy in another patrol vehicle joined the chase with his emergency lights illuminated as well. So did a patrolling officer from the Lampasas police department. Law enforcement chased the Mercedes all the way through town.
>
> At several points in town, the Mercedes ran red lights or changed lanes unsafely without signaling. Then as the chase proceeded north beyond the city, the Mercedes to avoid being corralled by law-enforcement vehicles went into the oncoming-traffic lane. One driver in that lane had to swerve onto the shoulder to avoid a collision with the Mercedes.
>
> The Mercedes eventually drove off the righthand side of the road and into a ditch. The Mercedes tried backing up and other maneuvers to dislodge itself, but it was stuck. Garza emerged from the Mercedes and was arrested.
>
> At trial, Deputy Wilson testified that a baggie containing a white powder was in the Mercedes and that Garza had been seen trying to dump out the baggie's contents. Deputy Wilson also testified about a drug pipe found in the car, and the trial court admitted an exhibit of a picture of the pipe. Otherwise at trial, and in Garza's own words, "[h]is identity, as the driver and sole occupant of the car, was never in issue." Within the court's jury charge was a special issue on Garza's use of a deadly weapon, which instructed the jury that "'[d]eadly [w]eapon' means anything that in the manner of its use is capable of causing death or serious bodily injury," *see* Tex. Penal Code § 1.07(a)(17)(B), and asked it to decide whether Garza had "used a deadly weapon, namely: a motor vehicle, during the commission of the offense."

2

> The jury convicted Garza of evading arrest and found the special issue to be "true," and he now appeals.

*Garza v. State*, No. 03-21-00241-CR, 2022 WL 17169844 at *1 (Tex. App.--Austin, Nov. 23, 2022, no pet.). On November 23, 2022, Petitioner's conviction was affirmed on direct appeal. *Id.* Petitioner did not file a petition for discretionary review.

On June 23, 2023, Petitioner filed his second pro se state habeas application, listing the following three grounds of relief:

1. Petitioner received ineffective assistance of counsel when his trial attorney failed to inform him of the State's five-year plea offer.

2. Petitioner received ineffective assistance of counsel when his trial counsel failed to object to the State using an 18-year-old prior conviction to enhance Petitioner's sentence.

3. Petitioner received ineffective assistance of counsel when his appellate counsel failed to raise on appeal that (a) Petitioner's trial counsel failed to inform him of the State's plea offer and (b) that Petitioner's sentence was unlawfully enhanced by an 18-year-old prior conviction.

(ECF No. 11-29 at 7-25.) On September 6, 2023, the TCCA denied Petitioner's state habeas application without written order. *Ex parte Garza*, No. WR-91,109-02 (Tex. Crim. App. Sept. 6, 2023). (ECF No. 11-28.)

On November 22, 2023, Petitioner executed his federal habeas corpus petition, listing the following four grounds of relief:

1. Petitioner received ineffective assistance of counsel when his trial counsel failed to inform him of the State's plea offer.

2. Petitioner received ineffective assistance of counsel when his appellate counsel failed to raise Petitioner's requested issues on appeal.

3. Petitioner's sentencing enhancement is unconstitutional.

4. The trial court allowed the State to allude to extraneous offenses that had no evidentiary support.

(ECF No. 1.) Respondent Lumpkin has filed his answer to the petition (ECF No. 10), to which Petitioner has replied (ECF No. 14.)

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by AEDPA. *See* 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard stops just short of imposing a complete bar on federal court re-litigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Richter*, 562 U.S. at 102. A petitioner must show that the state court's decision was objectively unreasonable, not just incorrect, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v.*

4

*Alvarado*, 541 U.S. 652, 664 (2004)). As a result, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. "'If this standard is difficult to meet—and it is—that is because it was meant to be.'" *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Burt v. Titlow*, 571 U.S. 12, 20 (2013)).

### III. Analysis

1. Ineffective Assistance of Trial Counsel (claim 1)

In Petitioner's first claim, he argues he received ineffective assistance of counsel when his trial counsel failed to convey to him the State's plea bargain offer of five years imprisonment. Petitioner argues he would have taken this offer if counsel had presented it to him.

The Sixth Amendment to the United States Constitution guarantees citizens the assistance of counsel in defending against criminal prosecutions. U.S. CONST. amend VI. Sixth Amendment claims based on ineffective assistance of counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced the petitioner's defense. *Id.* at 687-88, 690. The Supreme Court has emphasized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "'strongly presumed to have rendered adequate assistance and made all significant

5

decisions in the exercise of reasonable professional judgment.'" *Burt*, 571 U.S. at 22 (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen*, 563 U.S. at 190). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standard," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101.

In *Missouri v. Frye*, 566 U.S. 134, 138-45 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers. The Court held that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id*. at 145. Accordingly, when such an offer is not communicated to the defendant, defense counsel "[does] not render the effective assistance the Constitution requires." *Id*.

Petitioner raised this particular claim in his first state habeas application and his defense counsel filed an affidavit answering the claim as follows:

6

> I visited Mr. Garza five times in the jail, we had six Court appearances prior to the trial; the first visit was within seventy-two hours of the appointment. Approximately ten days after the initial consultation, the State, via John Greenwood, sent discovery and a written plea offer.
>
> As originally charged, the case we tried to a jury was a third degree felony: Evading arrest/detention in a motor vehicle; there were multiple other offenses for which Mr. Garza was arrested and held for, arising out of the same transaction.
>
> From the outset, Mr. Garza was adamant that he would be exercising his right to a trial by jury. The original plea bargain offer was for five years incarceration in TDCJ; the remaining charges would be considered under article 12.45 of the Texas Penal Code. That offer was conveyed on multiple occasions by myself, my law partner, Zachary J. Morris, and my co-counsel at trial, Michael Ludvik. On one occasion, in Court, [b]oth Mr. Morris and I reviewed Mr. Garza's options. We spent a lot of time discussing the plea offer because there had been some discussions with the State about the possibility of enhancing the punishment range due to a prior penitentiary trip. The State ultimately gave us notice of their intention to enhance the punishment range to that of a second degree felony.
>
> At trial, before the impaneling of the jury, Mr. Ludvik and I were able to have a private conversation with Mr. Garza about entering a plea of guilty in exchange for the five years incarceration; Mr. Garza rejected that offer.

(ECF No. 11-24 at 3-4.)

In adjudicating Petitioner's first state habeas application, the TCCA granted him an out-of-time appeal and dismissed his remaining claims. As a result, this affidavit is not part of the record for Petitioner's second state habeas application, which is what this Court is now reviewing for constitutional error. However, because there is no reasoned state court decision on the merits, the Court "'must determine what arguments or theories ... could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court.'" *Sexton v. Beaudreaux*, 585 U.S. 961, 964-65 (2018) (quoting *Richter*, 562 U.S. at 102). As this affidavit was before the TCCA in Petitioner's first habeas application, it is reasonable to presume the TCCA took notice of it when concluding Petitioner's claim was without merit.

In denying this claim, the TCCA must have concluded that either there was not a favorable plea offer or that there was a favorable plea offer, and Petitioner's trial counsel presented it to him. Trial counsel's affidavit supports the latter scenario. Further, although Petitioner denies he was presented with the plea offer, he does not offer any clear and convincing evidence to rebut the state habeas court's factual findings. *See* 28 U.S.C. § 2254(e)(1); *Matamoras v. Stephens*, 783 F.3d 212, 216 (5th Cir. 2015) (recognizing the presumption of correctness afforded a state habeas court's factual findings applies absent clear and convincing evidence to the contrary); *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Because the record supports the conclusion that trial counsel presented Petitioner with the State's plea offer, the TCCA's application of *Strickland* to this claim was not unreasonable. It is therefore denied.

2. Ineffective Assistance of Appellate Counsel (claim 2)

Petitioner's next claim is that he received ineffective assistance of counsel when his appellate attorney failed to argue on appeal that his trial counsel provided ineffective assistance by not conveying the plea offer to Petitioner. A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucey*, 469 U.S. 387, 397 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). The *Strickland* standard for proving ineffective assistance of counsel applies equally to both trial and appellate attorneys. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). To obtain relief, Petitioner must demonstrate that (1) counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of Petitioner's appeal would

8

have been different. *See Smith*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2013). To demonstrate deficiency, Petitioner must show that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285. Counsel is not, however, required to "raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Id.* at 288 (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

To succeed on this claim, Petitioner must show that his plea offer issue was a nonfrivolous issue and that, had his appellate counsel filed a merits brief on the issue, the outcome of Petitioner's appeal would have been different. Petitioner cannot make this showing. The TCCA implicitly credited the affidavit of Petitioner's trial counsel wherein he attested to presenting the State's plea offer to Petitioner on several occasions, and that Petitioner denied it every time. Thus, there was no basis for Petitioner's appellate attorney to conclude this claim was meritorious or for the TCCA to conclude that, had Petitioner's appellate counsel raised it on appeal, his appeal would have had a different outcome. Accordingly, the TCCA's application of *Strickland* to this claim was not unreasonable, and it is denied.

3. Unconstitutional Sentencing Enhancement (claim 3)

In Petitioner's third claim, he argues that his sentence was unconstitutionally enhanced under section 38.04 of the Texas Penal Code, which he argues is vague and confusing. Respondent argues that (1) Petitioner's claim is not cognizable in federal habeas as it alleges only an issue of state law, (2) Petitioner pleaded guilty to his enhancement, thus waiving any objection to it, and (3) in any event, his sentence enhancement was lawful. Petitioner does not respond to these arguments in his reply.

To the extent that Petitioner is arguing the trial court erroneously enhanced his sentence, this claim is not cognizable in a federal habeas corpus petition. "'[Federal courts] do not sit as a "super" state supreme court' in such a proceeding to review errors under state law." *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) (quoting *Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970)).

To the extent Petitioner is arguing section 38.04 is unconstitutional, Petitioner's argument is unclear and confusing. He refers to "double enhancement" and the State using a "verbal trick" to "upgrade the charge." (ECF No. 1-2 at 4.) Petitioner also refers to section 38.03 of the Texas Penal Code, which criminalizes resisting arrest as a Class A misdemeanor, unless the actor uses a deadly weapon while resisting, whereupon the charge is upgraded to a third-degree felony. *See* TEX. PENAL CODE ann. § 38.03(c)-(d) (Resisting Arrest, Search, or Transportation). However, this section is not applicable to Petitioner's case because he was not charged with resisting arrest but with evading arrest.

To the extent Petitioner is arguing that section 38.04 is unconstitutional because of the two different versions of the statute, the Texas state courts have addressed this conflict. Two different amendments to section 38.04(b) were enacted in 2011. Under the first version, evading arrest is a state jail felony if the actor uses a vehicle while in flight and has not been previously convicted under the section. In the second version, evading arrest is a third-degree felony if the actor uses a vehicle while in flight. *See* Tex. Penal Code ann. § 38.04(b). In *Adetomiwa v. State*, the Fort Worth Court of Appeals addressed the differences in section 38.04 and concluded the two versions were reconcilable. The court further concluded that, even if the amendments were irreconcilable, the second version was the latest of the bills enacted and would prevail over the first and earlier

10

version. 421 S.W.3d 922, 926-27 (Tex. App.—Fort Worth 2014, no pet). Petitioner was charged using the second version of section 38.04.

A jury found Petitioner guilty of evading arrest using a vehicle, a third-degree felony, and then Petitioner plead true to a prior felony conviction, which enhanced his sentencing range to that of a second-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (second version); § 12.42(a) (if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony … on conviction the defendant shall be punished for a felony of the second degree). Petitioner's sentence was legally enhanced. Further, Petitioner does not address this claim at all in his reply to Respondent's answer. Accordingly, Petitioner has failed to show that section 38.04 is unconstitutional, and this claim is denied.

4. Extraneous Offenses (claim 4)

In Petitioner's last claim, he argues that extraneous offenses were alluded to during his trial without any evidence supporting the allegations. Specifically, Petitioner argues the State relied on allegations of drugs and drug paraphernalia in Petitioner's car as a motive for his evading arrest; however, Petitioner argues the items were found in the passenger glove box and he was unaware of them at the time of the incident.

The Court understands this claim to be an attack on the trial court's evidentiary ruling, i.e., that the trial court erred when it allowed in evidence where its probative value was substantially outweighed by unfair prejudice. As noted above, a federal habeas court is not a "super" state supreme court and therefore does not sit to correct errors in state law. *McGuire*, 502 U.S. at 67-68; *Dickerson*, 932 F.2d at 1145. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction,

binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *McGuire*, 502 U.S. at 67-68; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

As Respondent notes, the state court of appeals addressed this issue in detail when affirming Petitioner's conviction on direct appeal. Petitioner's federal petition advances the same arguments that the state court of appeals denied. Petitioner has failed to meet the AEDPA's stringent standard by showing that the admission of this evidence resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court, or that it was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, this claim is denied.

## IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**; and

It is finally **ORDERED** that a certificate of appealability shall not issue in this case.

SIGNED this 30th day of May, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE